UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WISCONSIN LABORERS HEALTH FUND, <br> WISCONSIN LABORERS PENSION FUND, <br> WISCONSIN LABORERS SKILL <br> IMPROVEMENT FUND, <br> WISCONSIN LABORERS APPRENTICESHIP <br> AND TRAINING FUND, <br> BUILDING AND PUBLIC WORKS LABORERS <br> VACATION FUND, <br> WISCONSIN LABORERS EMPLOYERS <br> COOPERATION AND EDUCATION TRUST <br> FUND, <br> WISCONSIN LABORERS DISTRICT COUNCIL <br> and JOHN J. SCHMITT, <br><br> Plaintiffs, <br><br> v. <br><br> FINAL RESULT LLC, <br><br> Defendant. | Case No. 12-CV-129-JPS <br><br><br><br> ORDER |

After a number of show-cause hearings and related motions in this matter (*see, e.g.*, Docket #11, #15, #16, #18, #19, #20, #26, #29, #30), the plaintiffs moved for attorneys fees in connection with the defendant's continued noncompliance with the plaintiff's audit requests and the show-cause matters. (Docket #32). The Court offered the defendant the opportunity to respond to that motion by February 6, 2013 (Docket #37), which it failed to do. The Court will, therefore, issue its decision without benefit of the defendant's response, and will grant the plaintiffs' motion for attorneys fees. (Docket #32).

To begin, the defendant, Final Result LLC, is liable for attorneys fees to the plaintiffs. When an employer fails to comply with its obligation to submit to an audit, requiring plaintiffs to file an ERISA action to enforce the audit obligation, the plaintiffs are entitled to attorneys fees. *Ironworkers Annuity Trust v. Tri-Star Steel Erectors*, 2010 U.S. Dist. Lexis (S.D. Ill. 2010); *Chicago Area Teamsters Health Fund v. Dietz & Colodendo Co.*, 1996 U.S. Dist. Lexis 421 (N.D. Ill. 1996). Therefore, the plaintiffs in this case should recover their attorneys fees as a result of their having to file this action (and *many* ancillary documents relating to the defendant's failure to produce records after the institution of the suit) to enforce the audit obligation. This is particularly true where, as here, there has been a default judgment against the defendant, essentially finding that the defendant failed to meet its duty to respond to records requests. (Complaint ¶¶ 9–13); *Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994) (failure to answer results in admission of well-pled factual allegations); *Loss v. Blankenship*, 673 F.2d 242 (7th Cir. 1982); *Central States Pension Fund v. Bellman Trucking Co.*, 653 F. Supp. 678 (N.D. Ill. 1987).

Furthermore, the defendant's representative, Mr. Guerrero is personally liable for any attorneys fees and costs incurred by the plaintiffs in dealing with Mr. Guerrero's contempt of court. Contempt by a corporation is chargeable to the officers responsible for the contempt. *Connolly v. J.T. Ventures*, 851 F.2d 930, 935 (7th Cir. 1988). Mr. Guerrero was the one responsible for the contempt, particularly in light of the fact that the Court's orders that he submit to an audit applied to both the defendant and Mr. Guerrero, personally.

Having found that the defendant and Mr. Guerrero are responsible for the plaintiffs fees, the Court must next determine the appropriate amount of those fees. Plaintiff Wisconsin Laborers Health Fund was charged $160 per hour by their attorneys, which is a reasonable rate in this market; therefore, the Court will apply that rate to work performed for each of the remaining plaintiffs. (Ho Dec. ¶ 7). The plaintiffs' attorneys assert that they worked 28 hours total on the case, 12.8 of which were spent dealing with Mr. Guerrero's continued failure to comply with Court orders. (Ho Dec. Ex. 1). Given the work performed in this case, that is a reasonable amount of effort expended by the attorneys. Therefore, plaintiffs' request for $4,480.00 in total attorneys fees—for which the defendant, Final Result, will be liable—is appropriate. The plaintiffs also incurred $470.40 in costs, which will be combined with the attorneys fees, for a total award of $4,950.40 against Final Result. Moreover, Mr. Guerrero shall be personally liable for $2,048.00 of that award, stemming from attorneys fees expended in connection with his contempt.

Finally, prior to February 27, 2013, the plaintiffs must submit either a motion to dismiss this matter, if there is nothing further to be decided, or a motion for default judgment that names the final amount of damages to be awarded against the defendant. This case has been pending for quite some time, and it should now be brought to its conclusion.

Accordingly,

IT IS ORDERED that the plaintiffs motion for attorneys fees (Docket #32) be and the same is hereby GRANTED; the defendant, Final Result LLC, shall be liable to the plaintiffs for the sum of $4,950.40 ($4,480.00 in attorneys fees and $470.40 in costs); the defendant's representative, Emilio Guerrero,

shall be personally liable for $2,048.00 of the attorneys fees, stemming from amounts expended in connection with his contempt of court;

IT IS FURTHER ORDERED that the plaintiffs shall file concluding documentation (specifically, either a motion to dismiss this matter or a motion for default judgment with the specific amount of damages to be awarded) with the Court not later than February 27, 2013, at 5:00 p.m.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2013.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge